**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4151**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

FREDY MARIONY ALVARADO-CALDERON,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:17-cr-00413-RDB-1)

Submitted:  November 29, 2018　　　　　　　Decided:  December 7, 2018

Before GREGORY, Chief Judge, WYNN and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Baltimore, Maryland, Joanna Silver, Assistant Federal Public Defender, Hannah Roberts, Law Clerk, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Brian M. Fish, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fredy Mariony Alvarado-Calderon appeals his 24-month sentence imposed by the district court after he pleaded guilty, without a plea agreement, to illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b) (2012). He contends that his sentence is substantively unreasonable because the district court gave too much weight to his criminal and immigration history; several of the 18 U.S.C. § 3553(a) (2012) factors considered by the court actually weigh in favor of a lower sentence; and the district court impermissibly based its sentence on political factors relating to immigration. Finding no error, we affirm.

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. We consider whether the sentence imposed is substantively reasonable based on "the totality of the circumstances." *Id.* "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (internal quotation marks omitted). "Under the abuse of discretion standard, this Court may not substitute its judgment for that of the district court; rather, it must determine whether the district court's exercise of discretion, considering the law and the facts, was arbitrary or capricious."

*United States v. Vidacak*, 553 F.3d 344, 348 (4th Cir. 2009) (brackets and internal quotation marks omitted).

Turning to Alvarado-Calderon's first argument, we conclude that the district court did not abuse its discretion in relying heavily on Alvarado-Calderon's criminal and immigration history. "[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011). Indeed, it is "quite reasonable for the sentencing court to have attached great weight to a single factor." *United States v. Pauley*, 511 F.3d 468, 476 (4th Cir. 2007) (internal quotation marks omitted). Standing alone, the district court's heavy emphasis on Alvarado-Calderon's criminal and immigration history does not render the sentence unreasonable. Alvarado-Calderon essentially asks us to reweigh the factors and substitute our own judgment for that of the district court, which we simply may not do. *See Vidacak*, 553 F.3d at 348.

Next, Alvarado-Calderon argues that, contrary to the district court's ruling, several of the § 3553(a) factors weigh in favor of a lesser sentence. We conclude that, as with his first argument, Alvarado-Calderon in essence is asking us to reweigh the factors more favorably, which we cannot do. *See id.*

Finally, Alvarado-Calderon contends that the district court's comments about immigration were irrelevant to his case and showed that the court considered broader political interests rather than an assessment individualized to Alvarado-Calderon in imposing an upward variance. Our review of the record convinces us, however, that the district court was not simply making a generalized statement about immigration untethered

3

to Alvarado-Calderon's individual circumstances. Instead, the court was expressing its frustration that Alvarado-Calderon personally had entered the United States numerous times in violation of the immigration laws and did not seem deterred from future illegal conduct. Based on the totality of the circumstances, we conclude that Alvarado-Calderon's sentence is substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4